**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAIME RICARDO TAYUPANTA-LLUMITASIG,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, ELIZABETH CONTRACT DETENTION FACILITY<br><br>*Respondent.* | Civil Action No. 26-cv-09866<br><br>**ORDER**<br><br>August 28, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner, Jaime Ricardo Tayupanta-Llumitasig ("Petitioner"), pursuant to 28 U.S.C. § 2241 challenging the legality of his continued immigration detention (ECF No. 5); and

**WHEREAS**, Petitioner is a native and citizen of Ecuador who is presently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Elizabeth Contract Detention Facility in Elizabeth, New Jersey (*id.* at 1, 8); and

**WHEREAS**, Petitioner is a native and citizen of Ecuador who entered the United States without being admitted or paroled after inspection by an immigration officer on or about July 24, 2023 (ECF No. 9 at 2); and

**WHEREAS**, immigration officials encountered Petitioner on or about July 24, 2023, and processed him for expedited removal (*id.* at 2); and

**WHEREAS**, Petitioner expressed a fear of persecution or torture if returned to Ecuador and was interviewed by an asylum officer, who determined that Petitioner had established a

credible fear of persecution or torture (*id.*); and

**WHEREAS**, following the credible-fear determination, Petitioner was issued a Notice to Appear on August 2, 2023, and was placed into full removal proceedings pursuant to 8 U.S.C. § 1229a (*id.* at 2–3); and

**WHEREAS**, Petitioner was released from immigration custody on August 10, 2023, pursuant to parole (*id.*); and

**WHEREAS**, on or about August 2, 2026, Immigration and Customs Enforcement apprehended Petitioner and re-detained him (*id.* at 2); and

**WHEREAS**, Respondents contend that Petitioner is presently detained without bond pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), based on its position that Petitioner was apprehended at or near the border, was placed in expedited-removal proceedings, and received a positive credible-fear determination following his asylum screening (*id.*); and

**WHEREAS**, the Government further contends that, although Petitioner was referred from expedited removal to full removal proceedings after his positive credible-fear determination, his detention remains governed by the mandatory-detention provisions of 8 U.S.C. § 1225(b)(1)(B)(ii) (*id.* at 2–3); and

**WHEREAS**, the Government acknowledges that Petitioner was previously paroled from immigration custody following his credible-fear determination and maintains that his parole did not terminate the applicability of the "entry fiction" to Petitioner (*id.* at 3); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 5), the Response (ECF No. 9), and the Letter from Non-Party (ECF No. 7) and resolves the matter on the controlling statutory framework; and

**WHEREAS**, the Court is not persuaded that Petitioner's prior humanitarian parole permits

Respondents to rely upon § 1225(b)(1) as the statutory basis for his present detention; Section 1225(b)(1)(A)(iii)(II) applies to a noncitizen who "has not been admitted or paroled into the United States," and Petitioner was, by Respondents' own admission, previously paroled into the United States pursuant to § 1182(d)(5)(A) (*id.* at 2–3); *see Rivas Rodriguez v. Rokosky*, No. 25-17419 (CPO), 2025 WL 3485628, at *2 (D.N.J. Dec. 3, 2025); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" *Id.* at 366. The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking

some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 28th day of August 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 5) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**